J-S30040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CUNNINGHAM | : | |
| | : | |
| Appellant | : | No. 2425 EDA 2024 |

Appeal from the PCRA Order Entered April 16, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002904-2015

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 19, 2025**

Appellant, Anthony Cunningham, appeals from the order entered by the Court of Common Pleas of Philadelphia County dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* ("PCRA"), collaterally challenging his convictions of aggravated assault, burglary, carrying a firearm without a license, carrying a firearm on a public street or public property in Philadelphia, possessing instruments of crime ("PIC"), and three counts each of robbery and kidnapping.[1] Appellant argues that prior counsel provided ineffective assistance with respect to his identification as the perpetrator and the waiver of a direct appeal sufficiency claim. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702, 3502, 6106, 6108, 907, 3701 and 2901, respectively.

On direct appeal, this Court adopted the trial court's summary of the relevant facts, as follows:

On January 21, 2015, Mr. Juan Rivera was inside his apartment located on the second floor of a property situated on Roosevelt Boulevard in Philadelphia when a man he identified in court as [A]ppellant entered the residence through a window, put a gun to his head and asked, "Where's the money? Where's the dope[?]" Rivera asked [A]ppellant what he was talking about at which time [A]ppellant asked Rivera where his son was. Appellant forced Rivera downstairs to the front door where three additional men were waiting.[A] Appellant and the men then forced Rivera back upstairs where they made him kneel on the bathroom floor. Appellant put a gun against Rivera's head, and again asked him where the money and his son were. Rivera told them he did not have a son. After he did so, the men forced him into the residence's living room where they bound him to a chair with tape and commenced to ransack the apartment, which yielded them some money and a cell phone.

> [A] The three men all were wearing masks but [A]ppellant had nothing covering his face.

The men continued their demands and Rivera kept telling them that he did not have a son. He added that there was a "skinny guy" who lived in the first floor apartment. The men then went downstairs to the apartment, broke in, and searched it. Appellant then took Rivera to the first floor apartment where he again was bound with tape and placed under the dining room table. For the next several hours the men demanded the name of the man who lived in the apartment.

After approximately two and one-half hours, a woman[, Elisha Reyes,] and her two children, who resided in the downstairs apartment arrived home. From under the table Rivera was able to hear the men drag the woman, who was pregnant, into the apartment along with her children. They had her call her husband[, Daniel Textidor,] who arrived at the apartment approximately thirty minutes after the call was made. According to Rivera, the men pointed a gun at the man and repeatedly demanded money. Rivera heard the man say that he had none but offered to call his family to ask them for money. The man was given a cell phone and Rivera heard him call his father and, in

Spanish, tell him to call the police because he was being robbed. One of the men apparently understood and struck him in the head with the gun.

Police arrived and the men fled the apartment. One of the intruders, identified as Tremaine Brooks, took the woman's cell phone and, as he fled, he fell outside and was apprehended by police. Incident to Brooks' arrest[,] police seized from him the woman's cell phone and Brooks' personal cell phone. The police brought him back to the apartment[,] at which time Rivera identified him as being one of the men involved in the incident.[B]

> [B] Rivera indicated that at some point this male had removed his mask.

Police thereafter transported Rivera to a police station where he was interviewed and provided a statement outlining what had occurred. During the interview, Rivera participated in a photographic identification session during which he selected a photograph of [A]ppellant identifying him as the man who entered the apartment through the window.[C] Rivera stated that he was one-hundred percent sure of the reliability of both his photographic and in-court identifications.

> [C] The parties stipulated that the detective who took the statement and conducted the photo identification session was not aware if a photograph of the alleged perpetrators was among those shown to Rivera.

The Commonwealth also introduced, by way of stipulation, that [A]ppellant was not licensed to possess a firearm. A search of Brooks' cell phone discovered that Brooks and someone identified as "Ant" made multiple phone calls back and forth to one another on the day of the incident. Post arrest, [A]ppellant told the police that his nickname was "Ant" when police obtained his biographical information. The parties also stipulated that DNA testing of the tape used to bind the victims was negative for [A]ppellant and Brooks. A search of [A]ppellant's residence yielded no evidence, and [A]ppellant voluntarily turned himself in to authorities. Finally, the statements given by … [Textidor and Reyes,] who lived in the downstairs apartment[,] were introduced into evidence wherein they indicated that they could not identify any of the assailants.

- 3 -

*Commonwealth v. Cunningham*, 2018 WL 3322926, *1-*2 (Pa. Super., filed July 6, 2018) (non-precedential memorandum decision) (quoting Trial Court Opinion, 6/20/17, 2-4 (citations to notes of testimony and some footnotes omitted)) (3892 EDA 2016).

"On March 31, 2016, [A]ppellant waived his right to a jury and proceeded to a bench trial that same day," following which the trial court held the verdict under advisement. *Cunningham*, 2018 WL 3322926 at *2. The trial court, on April 8, 2016, found Appellant guilty of the aforementioned offenses, and on July 13, 2016, imposed an aggregate term of 7½ to 15 years' imprisonment. *Id.*

In his direct appeal, Appellant challenged the weight and sufficiency of the evidence. This Court affirmed the judgment of sentence on July 6, 2018. *See Commonwealth v. Cunningham*, 194 A.3d 649 (Pa. Super. 2018) (table) (3892 EDA 2016). Of note to the issues raised in this appeal, we quoted the trial court's explanation of why it denied a new trial on weight grounds:

> Rivera's testimony was clear. He was a victim of the criminal actions of [A]ppellant and his cohorts. Moreover, Rivera's testimony was bolstered by the fact that [A]ppellant and a co-defendant called each other numerous times on the day of the incident. Rivera positively identified [A]ppellant during a photographic identification session immediately following the incident and his multiple in-court identifications were clear and unequivocal....
>
> In addition, the incident played out for a particularly lengthy period of time during which Rivera had ample opportunity to view [A]ppellant. This is not a case in which the witnesses only got a glimpse or partial view of the perpetrator. This fact added credence to Rivera's identification of [A]ppellant.

*Cunningham*, 2018 WL 3322926 at *3-*4 (quoting Trial Court Opinion, 6/20/17, 5-6). In addition, we rejected Appellant's argument that Rivera's identification testimony was the sole evidence against Appellant, because the "record reveals that the grand jury testimony of Textidor and Reyes that was admitted into evidence at trial corroborated Rivera's account of the incident in question." *Id.* at 4 (citing to the N.T. Trial, 3/31/16, 81). Appellant did not seek further review of our ruling in his direct appeal.

On March 25, 2019, Appellant timely filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who amended the petition on January 12, 2021. The primary claim raised in the amended petition was "[w]hether the [p]rosecution allowed the [t]rial [c]ourt to consider pretrial identification evidence that was tainted by an impermissibly suggestive pretrial identification procedure," which violated Appellant's due process rights under the Constitutions of the United States and Commonwealth of Pennsylvania. Appellant's Amended Petition, 1/12/21, 3-4 (unpaginated). Specifically, Appellant alleged that the photo array from which the initial identification was made was "impermissibly suggestive" because it was developed with information available on a police database that Appellant had "lied about his identity" and that he "had previous contact with the criminal justice system," that is, evidence of prior bad acts that "prompted law enforcement to infer that [Appellant] had the propensity to commit the crimes for which he is now convicted." *Id.*, 5, 7 (unpaginated). Additionally, Appellant argued circumstances that went to the weight of the victim's identification, which he

argued was a "highly mistaken and unreliable eyewitness identification," the failure of two other witnesses to identify him, and the lack of DNA evidence to indicate that he was part of the robbery-kidnapping. *See id.*, 5-7 (unpaginated). Pertinent to this appeal, Appellant alleged that trial counsel was ineffective "for failing to file appropriate motions and making appropriate objections challenging the accuracy of the photo array process and for failing to petition for extraordinary relief upon finding out that the Commonwealth would not call the other victim witnesses at trial "because their testimonies" before the grand jury "effectively rebutted [Mr. Rivera's] testimony which misidentified [Appellant]." *Id.*, 8-9 (unpaginated). In addition, Appellant alleged that appellate counsel was ineffective for inadequately presenting a sufficiency claim in the "Rule 1925(b) statement" and thereby waiving that claim for direct review. *Id.*, 8 (unpaginated).

On September 23, 2021, the PCRA court filed its notice of intent to dismiss the petition as the issues raised were "without merit." Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 9/23/21. The PCRA court subsequently permitted PCRA counsel to withdraw and new counsel to enter an appearance for the appeal. New counsel filed a timely notice of appeal.[2] Appellant's Notice of Appeal, 11/3/21. Attached to the notice, as "the October 27, 2021 [o]rder entered dismissing the [PCRA petition]," was the "short

---

[2] On November 5, 2021, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice asking it to "specify the grounds in support of [its] determination" that the claims raised were without merit. Appellant's Response, 11/5/21, 1.

certificate" filed by the PCRA court the same date, permitting PCRA counsel to withdraw. **See** Appellant's Notice of Appeal, 11/3/21, 1 & Attachment A.

On February 10, 2022, the PCRA court filed an opinion explaining its reasons for deciding to dismiss the petition. **See** Opinion, Johnson, J., 2/10/22.

On January 10, 2023, this Court quashed the appeal as premature because "the PCRA court never entered an order dismissing the PCRA petition." **Commonwealth v. Cunningham**, 2023 WL 142519, *1 (Pa. Super., filed Jan. 10, 2023) (non-precedential memorandum decision) (2261 EDA 2021). The "parties and the PCRA court" treated the short certificate as an order dismissing the petition, but the short certificate did "not grant, deny, dismiss, or dispose of [Appellant's] PCRA petition," and so was "not a final appealable order." **Id.** at *2. "Although the notice of appeal was filed within thirty days of the short certificate, it [did] not constitute an appeal of [Appellant's PCRA] petition because the PCRA court never issued a decision on the merits of that petition." **Id.** at *3. Accordingly, we quashed the collateral appeal. **See Commonwealth v. Cunningham**, 292 A.3d 1090 (Pa. Super. 2023) (table) (2261 EDA 2021).

After remand, the PCRA court removed PCRA appeal counsel and appointed new counsel to represent Appellant. **See** Short Certificate, 3/28/24 (filed 4/1/24). The PCRA court then filed a new Rule 907 notice informing Appellant of its intent to dismiss the petition as the issues raised in it were without merit, and stating its reasons for that determination. **See** Rule 907

Notice, 7/18/24. The court's notice specified that Appellant had to file within twenty days any response to the notice and that on the twentieth day "from the date of this NOTICE, his request for post conviction relief will be denied/dismissed without further proceedings." *Id.*, 1. On September 6, 2024, new PCRA counsel filed a notice of appeal "from the dismissal of the PCRA petition entered in this matter on [the] 8th day of August, 2024." Appellant's Notice of Appeal, 9/6/24.

Appellant complied with the PCRA court's order to file a concise statement of matters complained of on appeal. *See* Order, 9/12/24; Appellant's Rule 1925(b) Statement, 10/2/24; Pa.R.A.P. 1925(b).

Because there was "no indication on the trial court docket that the PCRA court ha[d] entered an order disposing of the PCRA petition," this Court issued on order to Appellant to show cause why the "appeal should not be quashed as interlocutory." Superior Court Order, 4/7/25, 1. On April 16, 2025, the PCRA court filed an order directing that the underlying PCRA petition be dismissed, "*nunc pro tunc* effective 8/8/2024." Order, 4/16/25 (dismissing PCRA petition). On April 17, 2025, Appellant, through counsel, filed a response to our rule to show cause, stating, *inter alia*, that the PCRA court had entered an order dismissing the petition on August 8, 2024, but it "was not properly docketed due to clerical error." Appellant's Answer to Rule to Show Cause, 4/17/25, ¶ 2. "On April 16, 2025, [the PCRA court] entered an order dismissing the PCRA petition *nunc pro tunc*, retroactive to August 8, 2024."

*Id.*, ¶ 7.[3] Appellant argued that the "*nunc pro tunc* order … corrects the clerical error that failed to enter the order dismissing the PCRA petition on August 8, 8, 2024." *Id.*, ¶ 8. On June 10, we discharged our April 7, 2025 order and referred the matter to the panel deciding the merits of this case. *See* Superior Court Order, 6/10/25.

In his brief, Appellant raises four questions for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to file and litigate pre-trial motions challenging the admissibility of the in[-]court identification[,] that was based on an unlawfully tainted pretrial identification[,] and failing to provide [A]ppellant with any pretrial discovery to allow assistance in his own defense.

2. Whether the PCRA court erred by dismissing [A]ppellant's PCRA petition when clear and convincing evidence was presented that appellate counsel was ineffective for failing to preserve claims challenging the constitutional violation associated with the unlawful in[-]court identification that was based solely on the tainted pretrial identification.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented of violations of [A]ppellant's constitutional rights at trial.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, 8.[4]

_____

[3] We note that the PCRA court's *nunc pro tunc* order was not entered into the certified record on appeal until we requested the order from the PCRA court.

[4] We note with disapproval that Appellant's entire brief is single spaced. We remind counsel for future reference that Pa.R.A.P. 124(a)(3) requires text in briefs, other than footnotes and quotations that are more than two lines long, to be double spaced.

We address first the issue raised in our Order to Show Cause because it affects our jurisdiction to entertain this appeal, as demonstrated by the 2023 quashal of Appellant's first appeal from the putative dismissal of the PCRA petition. **See Cunningham**, 2023 WL 142519, *3. Appellant filed the instant notice of appeal as though the PCRA court had followed through on its stated intent to dismiss the PCRA petition on August 8, 2024. **See** Rule 907 Notice, 7/18/24, 1. The dismissal order, if it existed, was not filed of record before Appellant filed the notice of appeal. While this appeal was pending, the PCRA court filed an order dismissing the PCRA petition, which purported to backdate the dismissal to August 8, 2024. **See** Order, 4/16/25.

In light of the PCRA court's subsequent filing of an order dismissing the PCRA petition, Appellant's notice of appeal filed on September 6, 2024, was a premature notice of appeal. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (proper way to view a notice of appeal filed prior to the filing of timely post-sentence motions "is as a premature appeal that was perfected upon the trial court's proper consideration and denial of the counseled post-sentence motions"). A premature notice of appeal is not a "nullity," but rather may be "perfected upon" the entry of a final order. **Id.** Indeed, "[a] notice of appeal filed after the announcement of a determination but before the entry

of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5).[5]

Here, the PCRA court announced its determination to dismiss the petition, Appellant filed a notice of appeal consistent with a belief that the final order had been entered, and a final order was entered on April 16, 2025. Under Rule 905(a)(5), therefore, we must treat the notice of appeal "as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). We find that the appeal is properly before us, but in the caption adjust the date of the order on appeal to reflect the PCRA court's formal dismissal of the PCRA petition on April 16, 2025. *See Barrett v. M&B Medical Billing, Inc.*, 291 A.3d 371, 374 n.3 (Pa. Super. 2022) (holding that "Appellant's notice of appeal relates forward to" the date the appealable order was entered).

We now turn to the issues raised in Appellant's brief. As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

---

[5] "In response to an extensive history of appeals that were quashed because of the premature filing of the notice of appeal, the last sentence of Pa.R.A.P. 905(a) was drafted to create a legal fiction that treats a premature notice of appeal as filed after the entry of the appealable order." Pa.R.Crim.P. 720, comment; *see also Cooper*, 27 A.3d at 998 n.6.

In his first set of issues, Appellant alleges "[t]rial counsel's failure to litigate a motion to suppress the in[-]court identification [of him by Rivera] violated [his] 5th and 14th Amendment rights to due process." Appellant's Brief, 14. He asserts that Rivera was shown "a single photo[graph of Appellant] twenty minutes prior to the administration of a double[-]blind photo array," and argues that it "tainted the pretrial identification process in violation of" the constitution. *Id.* Further, he contends that without having seen the single photograph, Rivera "would not have been able to identify [A]ppellant in the photo array[, as] demonstrated by the inconsistency between [A]ppellant's physical appearance and the description of the perpetrator given by [Rivera] during his initial police interview." *Id.*

Additionally, Appellant alleges that trial counsel's "failure to provide [A]ppellant with pretrial discovery also satisfies the first two prongs of the ineffectiveness standard," as it "violated the Pennsylvania [R]ules of [C]riminal [P]rocedure and severely undermined [A]ppellant's constitutional right to assist in the preparation of his own defense." Appellant's Brief, 15. He argues that where there were "multiple instances of deficient performance by counsel, prejudice may be presumed based on counsel's cumulative errors." *Id.*, 16.

When addressing allegations of ineffective assistance of counsel, we apply the following well-established set of precepts:

> [C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the

following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success substantially greater than the course actually pursued." Our review of counsel's performance "must be highly deferential." To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Brown*, 196 A.3d 130, 150-51 (Pa. 2018) (internal citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

Appellant's assertion that trial counsel was ineffective because the pre-trial procedure was impermissibly tainted by Rivera having been shown a single photograph of him shortly before being shown a photo array is different than the allegation made before the PCRA court. There, Appellant alleged that the identification proceeding was tainted because the police obtained a photograph of him from their police database, which revealed that he "had previous contact with the criminal justice system," and showed that police inferred Appellant's guilt from his "propensity to commit" criminal offenses. *See* Appellant's Amended Petition, 1/12/21, 5-7 (unpaginated). As a result, we find that Appellant waived the claim raised on appeal by not presenting it to the PCRA court. *See Commonwealth v. Paddy*, 15 A.3d 431, 446 (Pa.

2011) (noting that "[f]ailure to raise an issue before the PCRA court results in waiver"). It is well-settled that "issues not raised in a PCRA petition cannot be considered on appeal." **Commonwealth v. Lauro**, 819 A.2d 100, 104 (Pa. Super. 2003) (citing **Commonwealth v. Wallace**, 724 A.2d 916, 921 n. 5 (Pa. 1999)).

In addition, we note that the appellate assertion that Rivera was shown a single photograph of Appellant prior to being shown a photo array is not supported in the record or in any attached documentation. Rivera testified that he identified Appellant from an array of photographs along with another person. **See** N.T. Trial, 3/31/16, 27-29. The parties stipulated that a detective would testify that he administered a double-blind photo array to Rivera. **Id.**, 84. Appellant proffered no documentation to establish that a single photograph was first shown to Rivera. **See Commonwealth v. Fears**, 836 A.2d 52, 63 (Pa. 2003) (stating that claim of ineffectiveness fails where "it is not supported by the record"). Thus, in addition to the claim being waived, it would have been properly dismissed without a hearing because it is without evidentiary support. See **Commonwealth v. Granberry**, 644 A.2d 204, 208 (Pa. Super. 1994) (A PCRA "hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence"). We conclude that Appellant failed to demonstrate arguable merit to his underlying claim that the identification of him by Rivera should have been suppressed. "Because the underlying claim is without merit,

Appellant's trial counsel cannot be faulted for failing to pursue this matter." ***Commonwealth v. Descar***, 798 A.2d 758, 761 (Pa. Super. 2002).

Appellant's allegation that trial counsel was ineffective for not providing him pre-trial discovery similarly fails. The allegation was not raised in the PCRA petition at all and is therefore waived for review on appeal. ***See Paddy***, 15 A.3d at 446. We note further that he cites no legal authority that obligates counsel to provide discovery to his client, and, therefore failed to demonstrate arguable merit to the claim.

Even assuming it would be a better practice to discuss the pre-trial discovery with one's client, Appellant made no evidentiary proffer of actual prejudice warranting relief. To establish prejudice, Appellant had to establish that "that there [was] a reasonable probability that the result of the proceeding would have been different" had he been given the pre-trial discovery by counsel. ***Commonwealth v. Dowling***, 316 A.3d 32, 40 (Pa. 2024). Instead, Appellant asks us to presume prejudice on the basis of cumulative error. Since we have found no arguable merit to Appellant's first allegation of ineffective assistance of trial counsel, we will not assess the cumulative impact of the second hypothesized error; "to the extent claims are rejected for lack of arguable merit, there is no basis for an accumulation claim." ***Commonwealth v. Koehler***, 36 A.3d 121, 161 (Pa. 2012). "[B]oilerplate allegations and bald assertions of … ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Paddy***, 15 A.3d at 443.

In sum, the appellate allegations of trial counsel's ineffective assistance were waived because they were not in the amended petition before the PCRA court and are also meritless. With respect to the allegation that counsel did not provide Appellant with pre-trial discovery, no actual prejudice was alleged, much less prejudice warranting a hearing in the PCRA court.

In his second set of issues, Appellant asserts that direct appeal counsel "was ineffective for failing to raise and preserve all legitimate claims on direct appeal." Appellant's Brief, 17. He argues that "the deficiency of appellate counsel's brief on direct appeal equates to ineffective representation *per se*, thereby eliminating the traditional three-prong analysis" of ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987). Appellant's Brief, 17. He compares his direct appeal brief to one that was "so flawed as to force [the Superior Court] to suppress it and quash the appeal," citing to ***Commonwealth v. Halley***, 870 A.2d 795 (Pa. 2005). Appellant's Brief, 17. He asserts that nominal review of the merits on direct appeal does not prohibit the PCRA court from finding that "appellate review" was foreclosed, and, therefore, it should have "reinstated [his] right to direct appeal *nunc pro tunc*." ***Id.***, 18. In addition, he alleges that appellate counsel should have challenged "the tainted identification procedure on appeal." ***Id.***

With respect to his claim that direct appeal counsel should have challenged the identification procedure in the appeal, Appellant is raising a layered ineffective assistance claim, and therefore the following applies, in addition to the general standard for ineffective assistance:

[A] petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs [two] and [three] of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong [two]) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong [three]).

*Commonwealth v. Pitt*, 313 A.3d 287, 294 (Pa. Super. 2024) (quoting

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (citation omitted)).

As discussed above, Appellant failed to demonstrate arguable merit for his allegation of trial counsel's ineffective assistance for failing to challenge alleged deficiencies in the identification procedure. Therefore, his "derivative claim of appellate counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the *Pierce* test as applied to appellate counsel." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011).

Moreover, as a stand-alone claim of appellate counsel's ineffectiveness, it also fails because there was no motion or objection to the pre-trial identification procedure before the trial court. It is well-established that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Thus, if appellate counsel had raised the alleged deficiencies in the identification procedure in the direct appeal, the

claim would have been deemed waived. *See Commonwealth v. Prizzia*, 260 A.3d 263, 270-71 (Pa. Super. 2021) (finding a suppression theory waived where the appellant failed to raise it in her pretrial motions or at the suppression hearing). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

With respect to Appellant's assertion that the PCRA court erred by not granting him a new direct appeal *nunc pro tunc*, he overlooks that he did not request such relief in the amended PCRA petition. Therefore, the claim is not properly before us. Pa.R.A.P. 302(a); *Paddy*, 15 A.3d at 446. Appellant cannot raise "'a new and different theory of relief' for the first time on appeal." *Commonwealth v. McFalls*, 251 A.3d 1286, 1293 (Pa. Super. 2021) (citation omitted). Moreover, he was not entitled to restoration of his direct appeal rights *nunc pro tunc*. In the direct appeal, we reviewed his properly preserved claim that his conviction was contrary to the weight of the evidence, setting out the standard of review, the trial court's ruling, and our conclusion that there was "no abuse of discretion in rejecting [A]ppellant's weight claim." *See Cunningham*, 2018 WL 3322926, *3-*4. Appellant "is not entitled to reinstatement of his direct appeal rights when he received a direct appeal that addressed some of his issues." *Commonwealth v. Burkett*, 5 A.3d 1260, 1271 (Pa. Super. 2010). It is "well-settled that the reinstatement of direct appeal rights is not the proper remedy when appellate counsel perfected a

direct appeal but simply failed to raise certain claims." ***Commonwealth v. Grosella***, 902 A.2d 1290, 1293 (Pa. Super. 2006).

The correct remedy for a forgone appellate claim is review of that claim within the guise of ineffective assistance of direct appeal counsel. ***See Commonwealth v. Pulanco****,* 954 A.2d 639, 642-643 (Pa. Super. 2008) (holding that Pulanco was not entitled to reinstatement of his direct appeal rights *nunc pro tunc* since he had preserved for review two of his six issues on appeal). "Thus, Appellant must plead and prove the three[-]prong ineffective-assistance-of-counsel test relative to counsel's actions during his direct appeal." ***Burkett***, 5 A.3d at 1271.

In his amended PCRA petition, Appellant alleged direct appeal counsel's ineffective assistance for waiving his sufficiency claim "by failing to state with specificity the elements of the crime charged." Amended PCRA Petition, 1/12/21, 8 (unpaginated). This assertion has arguable merit, as we found in the direct appeal that Appellant "waived his sufficiency claim by failing to identify the specific elements of the crimes that the Commonwealth failed to prove at trial in his Rule 1925(b) statement." ***Cunningham***, 2018 WL 3322926, *5.[6] However, Appellant did not present any argument in his petition that the evidence was legally insufficient, nor has he done so in his

_____

[6] In the direct appeal, Appellant challenged the sufficiency of the evidence "as a matter of law … where the Commonwealth's sole identification witness's testimony was unreliable as a matter of law[.]" ***Cunningham***, 2018 WL 3322926, *5.

appellate brief. Therefore, he failed to demonstrate any prejudice from counsel's ineffective assistance. "Absent a demonstration of prejudice, [a PCRA petitioner] cannot prevail on a claim for ineffective assistance of counsel and no further inquiry into the claim is warranted." **Commonwealth v. Johnson**, 815 A.2d 563, 574 (Pa. 2002) (quoting **Pierce**, 786 A.2d at 221 (Pa. 2001). Accordingly, Appellant failed to demonstrate appellate counsel's ineffective assistance in failing to raise an unpreserved challenge to the pretrial identification procedure or by waiving an ill-defined sufficiency challenge.[7]

In his third claim, Appellant argues that he is entitled to relief "under Section 9543(a)(2)(i) based on the constitutional violations previously discussed." Appellant's Brief, 19. According to Appellant, this claim is "[i]n addition to their impact on his right to effective assistance of counsel." **Id.** He then asserts that the constitutional claims cannot "be deemed waived by counsel's failure to raise the issues at trial," because "[i]neffectiveness will excuse waiver at trial." **Id.** He then specifies that the constitutional provisions raised are "the Fifth and Fourteenth Amendments due process claim based on

_____

[7] In any event, Appellant's sufficiency claim was meritless on its face, as it did "not properly implicate the sufficiency of the evidence. An allegation that a witness's testimony is inconsistent or unreliable goes to the weight of the evidence, and [A]ppellant's dissatisfaction with the trial court's credibility determinations does not provide him with a basis for relief on sufficiency review." **Cunningham**, 2018 WL 3322926, *5.

the tainted pretrial identification and the subsequent in[-]court identification," as he had previously established. *Id.*

Under the PCRA, a petitioner must establish his eligibility for relief by pleading and proving by the preponderance of the evidence that, *inter alia*, his conviction resulted from one or more of "a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States," ineffective assistance of counsel, a plea of guilty unlawfully induced and other specified claims. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). He must also plead and prove that "the allegation of error has not been previously litigated or waived." *Id.* at § 9543(a)(3). "An issue is waived if appellant 'could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding.'" *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013) (quoting 42 Pa.C.S. § 9544(b)); *Commonwealth v. Oliver*, 128 A.3d 1275, 1281–82 (Pa. Super. 2015) (same).

Here, the alleged constitutional violation was waived by not having been raised at trial, and is, therefore, only cognizable now as the underlying claim to an allegation of ineffective assistance of trial counsel. It is not a stand-alone claim. *See Commonwealth v. Johnson*, 335 A.3d 685, 719-720 (Pa. 2025) (viewing stand-alone claim of constitutional violation as having been waived, only reviewable as a derivative ineffectiveness of counsel allegation). As we have already addressed and rejected Appellant's allegations of prior counsel's ineffective assistance with respect to the pre-trial identification procedure, Appellant's third claim is likewise meritless.

In his final claim, Appellant argues that the PCRA court erred by not granting an evidentiary hearing on the merits. ***See*** Appellant's Brief, 20. He argues that he "raised significant claims of trial and appellate counsel's ineffectiveness, as well as substantial violations of his constitutional rights," and that the "PCRA court offered no analysis" as to why it refused to grant a hearing. ***Id.***

A "petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief[.]" ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa. Super. 2007) (citing Pa.R.Crim.P. 907(1); ***Commonwealth v. Hardcastle***, 701 A.2d 541 Pa. (1997)). The PCRA court addressed the merits of each of the claims raised in Appellant's petition. ***See*** Opinion, Johnson, J., 12/20/24, 3-8. It then explained that the amended PCRA petition "did not contain any genuine issues concerning any material fact," and Appellant was not entitled to post-conviction relief, and for those reasons denied a hearing. ***Id.***, 8. We agree with the PCRA court, and find that an evidentiary hearing was not required based on the allegations in the amended PCRA petition.

Accordingly, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/19/2025</u>